# EXHIBIT B

MAX D. WHEELER (3439)
JOSEPH P. BARRETT (8088)
P. MATTHEW COX (9879)
SNOW, CHRISTENSEN & MARTINEAU
Attorneys for Defendant
      UPEK, Inc.
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah 84145
Telephone: (801) 521-9000.

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| INTERNATIONAL AUTOMATED SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> IBM; IBM CORPORATION; IBM PERSONAL COMPUTING DIVISION; LENOVO (UNITED STATES) INC.; LENOVO GROUP LTD.; UPEK, INC.; AND JOHN DOES 1-20 <br><br> Defendants. | **DEFENDANT UPEK, INC.'S ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIM** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Civil No.: 2:06-cv-00115 <br><br> Hon. Bruce S. Jenkins |

Defendant UPEK, Inc. ("UPEK") responds to the Amended Complaint of plaintiff International Automated Systems, Inc. ("IAS") as follows:

## THE PARTIES

1. UPEK is without sufficient information and belief to admit or deny the allegations of paragraph 1 of the Amended Complaint and therefore denies them.

2. UPEK is without sufficient information and belief to admit or deny the allegations of paragraph 2 of the Amended Complaint and therefore denies them.

1

3. UPEK is without sufficient information and belief to admit or deny the allegations of paragraph 3 of the Amended Complaint and therefore denies them.

4. UPEK admits that it is a corporation organized under the laws of the State of Delaware. UPEK is unable to discern the meaning of the phrase "doing business in Utah" and therefore is unable to admit or deny the remaining allegations of paragraph 4 of the Amended Complaint and therefore denies them.

5. UPEK is without sufficient information and belief to admit or deny the allegations of paragraph 5 of the Amended Complaint and therefore denies them.

## JURISDICTION AND VENUE

6. UPEK admits that IAS purports to invoke the statutes and jurisdictional basis stated in paragraph 6 of the Amended Complaint. Except as expressly admitted herein, UPEK denies each and every remaining allegation of paragraph 6 of the Amended Complaint.

7. UPEK admits that IAS purports to invoke the appropriateness of venue stated in paragraph 7 of the Amended Complaint. Except as expressly admitted herein, UPEK denies each and every remaining allegation of paragraph 7 of the Amended Complaint and concurrently with the filing of this Answer and Counterclaims is moving the Court to stay this suit, or in the alternative, dismiss, or sever UPEK and transfer venue to the United States District Court for the Northern District of California, or stay litigation involving Lenovo and IBM.

## COUNT I

8. UPEK admits that United States Patent No. 5,598,474 ("the '474 patent") issued on January 28, 1997 in the name of Neldon P. Johnson. UPEK is without sufficient information and belief to admit or deny the remaining allegations of paragraph 8 of the Amended Complaint and therefore denies them.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

16. IAS's Amended Complaint fails to state a claim upon which relief can be granted

### SECOND AFFIRMATIVE DEFENSE

17. UPEK has not and is not infringing the '474 patent.

### THIRD AFFIRMATIVE DEFENSE

18. On information and belief, the '474 patent is invalid because it fails to meet the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and 112.

### FOURTH AFFIRMATIVE DEFENSE

19. Plaintiff's claim for damages, if any, is limited by 35 U.S.C. § 287.

## COUNTERCLAIM

### GENERAL ALLEGATIONS

20. Plaintiff UPEK is a Delaware corporation with a principal place of business in Emeryville, California, at 2200 Powell Street, Suite 300, Emeryville, CA 94608. UPEK manufactures biometric fingerprint authentication solutions that can be integrated into a variety of commercial and other applications.

21. On information and belief, Defendant IAS is a Utah corporation with a principal place of business in Salem, Utah, at 326 North Highway 6, Salem, Utah 84653.

22. This Counterclaim arises under the patent laws of the United States, Title 35 of the United States Code and the Declaratory Judgement provisions of §§ 2201 and 2202 of Title

28 of the United States Code. This Court's jurisdiction over the subject matter of the Counterclaim is based on 28 U.S.C. § 1338. As seen in UPEK's Motion To Stay, Or In The Alternative, Dismiss, Or Sever UPEK And Transfer Venue, Or Stay Litigation Involving Lenovo And IBM, filed on June 12, 2006, the dispute between IAS and UPEK should be litigated in the United States District Court for the Northern District of California, where the lawsuit styled as *UPEK v. International Automated Systems, Inc.*, No. 3:06-cv-02237-CRB (N.D. Cal.), is currently pending. However, should this Court decide to litigate this dispute, venue in this District for the Counterclaim is based upon 28 U.S.C. § 1391.

## COUNTERCLAIM

### For Declaratory Judgment of Noninfringement and Invalidity of the '474 Patent

23. Defendant UPEK incorporates by reference the allegations of paragraphs 20 - 22 as though fully set forth herein.

24. By their Amended Complaint filed April 17, 2006, IAS has alleged that it is the owner of U.S. Patent No. 5,598,474 (the "'474 patent"), that the '474 patent is valid and enforceable, and that UPEK has infringed the '474 patent by making, offering for sale, selling, and using certain products, including fingerprint readers. UPEK denies that any of its products infringes or has infringed any claim of the '474 patent directly, indirectly, contributorily, or otherwise and contends that the '474 patent is invalid for failure to comply with the patent laws of the United States, including, without limitation, the provisions of 35 U.S.C. §§ 101, 102, 103 and 112. A justiciable controversy therefore exists between IAS and UPEK.

25. By this counterclaim, UPEK seeks a declaratory judgment that the '474 patent is invalid and not infringed by UPEK.

26. A judicial declaration is necessary and appropriate at this time so that UPEK may ascertain its rights and duties with respect to the manufacture and sale of its products that IAS alleges infringe the '474 patent

4

WHEREFORE, UPEK prays for judgment as set forth hereinafter.

### PRAYER FOR RELIEF

A. IAS take nothing from its complaint.

B. IAS's Amended Complaint be dismissed with prejudice.

C. A declaratory judgment be entered adjudging that UPEK has not infringed and does not infringe United States Patent No. 5,598,474.

D. A declaratory judgment be entered adjudging that United States Patent No. 5,598,474 is invalid.

E. UPEK be awarded its costs and reasonable attorneys' fees incurred in this action.

F. UPEK be awarded such other and further relief as the Court may deem proper.

SNOW, CHRISTENSEN & MARTINEAU

Dated: 6/12/06      By: *Joseph P. Barrett*
  Max D. Wheeler,
  Joseph P. Barrett
  P. Matthew Cox
  Attorneys for Defendant UPEK, Inc.

PRO HAC VICE

JEFFREY A. MILLER
JILL R. ZIMMERMAN
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone:   650-614-7400
Facsimile:   650-614-7401

5

## DEMAND FOR JURY TRIAL

Defendant UPEK, Inc. hereby demands trial by jury as to all issues in this action triable by a jury.

SNOW, CHRISTENSEN & MARTINEAU

Dated: 6/12/06

By: *Joseph P. Barrett*
Max D. Wheeler,
Joseph P. Barrett
P. Matthew Cox
Attorneys for Defendant UPEK, Inc.

PRO HAC VICE

JEFFREY A. MILLER
JILL R. ZIMMERMAN
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:   650-614-7400
Facsimile:    650-614-7401

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 13th day of June, 2006, I caused a true and correct copy of the foregoing **DEFENDANT UPEK, INC.'S ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIM; JURY DEMAND** in the above-captioned matter to be mailed, postage prepaid to:

J. David Nelson
Robert D. Dahle
Nelson Snuffer Dahle & Poulsen
10885 South State Street
Sandy, UT 84070
*Attorney for Plaintiff*

Richard S. Taffet
Bingham McCutcheon LLP
399 Park Avenue
New York, NY 10022-4689
*Attorneys for defendant Lenovo*

James Snell
Gerald Chan
Bingham McCutcheon LLP
1900 University Avenue
East Palo Alto, CA 94303-2233
*Attorneys for defendant Lenovo*

Robyn L. Phillips
Workman Nydegger
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT 8411
*Attorneys for defendant Lenovo*

_____